UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DARELL J GASH** | **CASE NO. 6:23-CV-01571 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Darrell J. Gash ("Gash") against the State of Louisiana and the Morgan City Police Department. Rec. Doc. 4, p. 3. Gash is a pretrial detainee at the St. Mary Parish Correctional Center.

For the following reasons, Gash's Complaint and Amended Complaint should be DISMISSED.

### I. BACKGROUND

Gash initially submitted a letter to the Clerk of Court complaining that he has been incarcerated since May 4, 2020, on a charge of second-degree aggravated battery, "which got upgraded to second degree attempted murder and obstruction of justice." Rec. Doc. 1. He claimed that the alleged victim stabbed him in the hip, and he merely acted in self-defense. *Id.* Gash wrote that he was transported to the hospital following the incident and provided incorrect medication. *Id.* Gash also complained about each attorney that represented him over the years. *Id*. at 3-6.

Gash was instructed to file his claim on a court-approved form. ECF No. 3. He complied, identifying the State of Louisiana and Morgan City Police Department as Defendants. Rec. Doc. 4, p. 3. He alleges that the Morgan City Police Department tampered with evidence when they "gave away" the knife used to stab him. *Id.* at 3-4. He also claims that the hospital administered

1

the "wrong meds" for a stab wound. Gash complains that he has been incarcerated at facilities over the years with convicted inmates. *Id*. at 4. Finally, he states that "none of the lawyers are representing [him] right." *Id.* He seeks monetary compensation *Id.*

Gash filed another letter to the Clerk of Court reiterating his claims. Rec. Doc. 6.

## II. LAW AND ANALYSIS

### A. Gash's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Gash is a prisoner who has been granted leave to proceed *in forma pauperis*. Rec. Doc. 8. As a prisoner seeking redress from an officer or employee of a governmental entity, his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Gash's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. The State of Louisiana is immune from suit.

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The State of Louisiana has not consented. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* LA.REV.STAT. ANN. § 13:5106(A)."). Nor has Congress abrogated Eleventh Amendment immunity for § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are

unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Therefore, Eleventh Amendment immunity is applicable to Gash's § 1983 claim against the State of Louisiana. A federal district court lacks subject matter jurisdiction where the named defendant is protected by Eleventh Amendment immunity. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (per curiam). As such, Gash's claim against the State of Louisiana should be dismissed.

      **C.**      **The Morgan City Police Department is not a juridical entity.**

Gash also sues the Morgan City Police Department. The capacity of an individual to sue or be sued is determined by the law of the person's domicile or by the law of the state in which the district court is situated. *See* Fed. R. Civ. P. 17(b). Under Louisiana law, "[a] juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

A police department is not a political entity capable of being sued. *Martin v. Davis*, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); *Thibodeaux v. Lafayette City Police Department*, 2013 WL 6194898 (W.D. La. 2013) ("The Lafayette Police Department is not a juridical person capable of being sued."). In fact, this Court has specifically recognized that the Morgan City Police Department "is not a legal entity and does not have the legal capacity to be sued." *Webb v. LaSalle*, 12-CV-0897, 2012 WL 6061738, at *8 (W.D. La. 2012), *aff'd in part, rev'd in part (as to sanctions)*, 537 F. App'x 389 (5th Cir. 2013).

Therefore, Gash's claims against the Morgan City Police Department should also be dismissed.

**D.     Any other potential or implied claims are meritless**.

To the extent that Gash claims he received improper medical care at Ochsner St. Mary Hospital in Morgan City (Rec. Doc. 6), he fails to state a viable claim. To state a § 1983 claim, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *See Baker v. McCollan*, 443 U.S. 137 (1979). Ochsner and its physicians are not state actors who can be sued under § 1983. *See Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (Ochsner is not a state actor) (citing *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985)).

Even if the physicians were state actors, Gash does not allege that they acted with deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994) (prison officials only violate the Constitution's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners); *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)) (inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs.").

Regardless, the medical care claim is prescribed. The allegedly improper treatment was provided in 2020. Federal courts "borrow the state statute of limitations for personal injury actions" and apply it to § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Louisiana, that period is one year. *See* La. C. C. art. 3492. Therefore, any claims arising out of medical care Gash received in 2020 are untimely.

To the extent Gash complains that he has been housed with convicted Department of Corrections inmates, his claim also fails. He does not allege any injury suffered from his housing status. Moreover, it is not per se unconstitutional to house pretrial detainees and convicted inmates together. *See Lathers v. Nelson Coleman Corr. Ctr.*, 10-CV-128, 2010 WL 1489903, at *7 (E.D. La. 2010), *report and recommendation adopted*, 2010 WL 1485468 (E.D. La. 2010) (citations omitted).

Finally, to the extent Gash intended to sue his defense attorneys for ineffective assistance, his claim also fails. Attorneys, whether private or court-appointed, are not state actors under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318, 321 (1981).

The court is convinced that Gash has presented the best case possible in his Deficient Complaint, Complaint, and Amended Complaint (Rec. Docs. 1, 4, 6), and further amendment of the pleadings would serve no useful purpose.

**III. Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as to the State of Louisiana and **DENIED** and **DISMISSED WITH PREJUDICE** under §§ 1915 and 1915A as to all other claims.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will

bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE AND SIGNED in Chambers on Friday, February 9, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**